**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4915**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

KENNETH EARLE EWING,

               Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00024-GMG-RWT-1)

Submitted: May 23, 2019                         Decided: May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Earle Ewing pled guilty, pursuant to a written plea agreement, to transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a) (2012). Based on a total offense level of 31 and a criminal history category of II, Ewing's advisory Guidelines range was 121 to 151 months' imprisonment. The district court imposed a 151-month sentence, to be served consecutively to any state sentence received, followed by 40 years of supervised release. On appeal, Ewing's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Ewing's sentence, particularly the term of supervised release. Although advised of his right to file a supplemental pro se brief, Ewing has not done so. We affirm.

We review Ewing's sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). We have reviewed the record and find that Ewing's sentence is both procedurally and substantively reasonable.

2

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ewing, in writing, of his right to petition the Supreme Court of the United States for further review. If Ewing requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ewing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*